

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

May 15, 1947

Honorable M. E. Gates,
County Attorney,
Walker County,
Huntsville, Texas

Opinion No. V-201

Re: Authority of a sheriff
to release a prisoner
when pecuniary judg-
ment is rendered a-
gainst him and the au-
thority of a County
Judge or a County At-
torney to require re-
arrest under capias
pro fine.

Dear Sir:

We refer to your letter of April 24, 1947, which reads:

"I am asking the opinion of your De-
partment, with reference to Article 787,
of The Code of Criminal Procedure, and
would appreciate an answer to the follow-
ing questions:

### I.

"When the Judgment against the De-
fendant in a Pecuniary Fine, and he is
present, does the Sheriff have the author-
ity to release him before the fine is
paid, or, is served out as provided in
Article 793, in other words is it manda-
tory that the sheriff confine him, until
the Judgment is satisfied; either by pay-
ment of the Judgment in money, or by pay-
ment at labor as provided by Article 793,
Code Criminal Procedure?

### II.

"Should the sheriff release a pris-
oner, where a Judgment for a Pecuniary
Fine had not been satisfied, has the

County Judge or the County Attorney authority,
to apply to the County Clerk for a Writ of
Capias Pro Fine?

### III.

"Has the County Judge or County Attor-
ney authority to obtain a Capias Pro Fine,
and is it the mandatory of the Sheriff to
execute the same?"

The remedies for the enforcement of pecuniary
judgments in misdemeanor cases are prescribed in Articles
787 to 793 of Vernon's Code of Criminal Procedure.

Such judgments may be discharged in the manner
prescribed in Article 785 of Vernon's Criminal Procedure,
which is as follows:

"Article 785. When the judgment a-
gainst a defendant is for a fine and costs
he shall be discharged from the same:

> 1. When the amount thereof has
>    been fully paid.
>
> 2. When remitted by the proper
>    authority.
>
> 3. When he has remained in cus-
>    tody for the time required by
>    law to satisfy the amount
>    thereof.

We quote the following from Opinions Nos.0-1043
and 0-4924 rendered by a former Attorney General in which
the pertinent statutory provisions are reviewed:

"Opinion No. 0-1043:

"In view of the provisions of the above
set out and designated statutes, it is the
opinion of this Department, and you may be
so advised, that after the plea of guilty
or the defendant has been convicted by trial
in a misdemeanor case the arresting officer
does not have authority to give special priv-
ileges in the payment of the fines assessed
by the court in its judgment."

"Opinion No. 0-4924:

"This department has repeatedly held that the Justice of the Peace has absolutely no authority to release a defendant who is finally convicted and a fine assessed against him on the defendant's promise to pay later or on any other promise. We have likewise held repeatedly that if a Justice were to attempt to make such order the Sheriff or Constable should ignore the order and place the defendant in jail or on the county farm or other authorized county project for the satisfaction of the fine and costs, unless the defendant paid the fine and costs. <u>We have likewise repeatedly held that the Sheriff or Constable or other arresting officer would be in the position of unlawfully permitting a prisoner to escape if they failed to do their duty by not collecting the fine and costs or by not taking the convicted defendant in custody.</u>" (Emphasis added)

We are enclosing copies of Opinions Nos.0-6684 and 0-3538 for your information.

In the Opinion No. 0-6684 it was held that a peace officer has the duty to see to it that the judgment is satisfied according to law; and that the sheriff has no authority to defer a judgment or arrange for its payment in installments. We call attention to the case of Spradley vs. State (error refused) 56 S.W.114, cited in that opinion in which it is held that the sheriff and his bondsmen are responsible for the fine and costs, for wilfully refusing to enforce collection.

Opinion No. 0-3538 also held that arresting officers are not authorized to extend credit to defendants in order to permit payment of the fine on an installment plan. That opinion further holds that if peace officers "turn a defendant loose" after judgment is rendered against him, <u>such defendant occupies the status of an escaped prisoner.</u> (Emphasis added)

We adhere to said opinions on the points involved.

Answering your questions, we are of the opinion:

(a) That the sheriff is not authorized

to release a defendant against whom a pecuniary judgment has been rendered, when he is present in Court, until such judgment is satisfied in one of the methods provided by law;

(b) That the County Attorney is authorized to obtain the issuance of a capias pro fine for the capture of a defendant who has been released by a sheriff without collecting the fine and costs according to the judgment; and,

(c) It is mandatory that the sheriff execute such capias pro fine and make return showing how he executed the same.

## SUMMARY

When a pecuniary judgment in a criminal case has been rendered against a defendant who is present in court, the sheriff is not authorized to release the defendant until such judgment is satisfied by payment of it in money, or by confinement or labor as provided in Articles 785 and 793, V.C.C.P., as amended by Acts 1943, 48th Leg., p. 351, ch. 229, sect. 1; if not so satisfied, capias pro fine may issue and the sheriff has the mandatory duty to execute the same. V. C. C. P. Arts. 785, 787, 788, 789, 790, 792, 793; Spradley vs. State, (error refused) 56 S. W. 114. Terry vs. State, 17 S. W. 1075.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

APPROVED MAY 15, 1947

ATTORNEY GENERAL OF TEXAS

WTW:egt:jrb